United States Bankruptcy Court

Middle District of Pennsylvania

In re:        Case No. 23-02821-MJC

Rachel Marie Weller        Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5      User: AutoDocke      Page 1 of 2
Date Rcvd: Apr 23, 2024      Form ID: pdf002      Total Noticed: 13

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 25, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Rachel Marie Weller, 101 Joseph Street, Tower City, PA 17980-2600 |
| 5602308 | + | Brock & Scott, 2011 Renaissance Boulevard, Suite 100, King of Prussia, PA 19406-2782 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | | Email/Text: BKCourtNotices@yourmortgageonline.com | Apr 23 2024 18:36:00 | CrossCountry Mortgage, LLC, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047 |
| 5584276 | ^ | MEBN | Apr 23 2024 18:33:46 | Chime/Stride Bank, Attn: Bankruptcy, PO Box 417, San Francisco, CA 94104-0417 |
| 5584277 | + | Email/Text: bknotice@ercbpo.com | Apr 23 2024 18:36:00 | Comcast, c/o Enhanced Recovery Company, 8014 Bayberry Road, Jacksonville, FL 32256-7412 |
| 5589623 | + | Email/Text: nsm_bk_notices@mrcooper.com | Apr 23 2024 18:36:00 | CrossCountry Mortgage, LLC, c/o Mr. Cooper, 8950 Cypress Waters Boulevard, Coppell, Texas 75019-4620 |
| 5584279 | | Email/Text: BKCourtNotices@yourmortgageonline.com | Apr 23 2024 18:36:00 | Dovenmuehle Mortgage, Inc., Attn: Bankruptcy, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047 |
| 5584278 | + | Email/Text: electronicbkydocs@nelnet.net | Apr 23 2024 18:36:00 | Dept Of Education/Nelnet, Po Box 82561, Lincoln, NE 68501-2561 |
| 5584274 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Apr 23 2024 18:36:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 5606939 | | Email/Text: nsm_bk_notices@mrcooper.com | Apr 23 2024 18:36:00 | Nationstar Mortgage, LLC, Bankruptcy Department / PO Box 619096, Dallas, TX 75261-9741 |
| 5584275 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 23 2024 18:36:00 | PA Dept of Revenue, Attn: Bankruptcy Division, Dept 280946, Harrisburg, PA 17128-0946 |
| 5584838 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 23 2024 18:36:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |
| 5587280 | + | Email/Text: electronicbkydocs@nelnet.net | Apr 23 2024 18:36:00 | U.S. DEPARTMENT OF EDUCATION C/O NELNET, 121 S 13TH ST, LINCOLN, NE 68508-1904 |

TOTAL: 11

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 25, 2024    Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 23, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Gary J Imblum | on behalf of Debtor 1 Rachel Marie Weller gary.imblum@imblumlaw.com gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;bernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Matthew K. Fissel | on behalf of Creditor CrossCountry Mortgage LLC matthew.fissel@brockandscott.com, wbecf@brockandscott.com |
| Michael Patrick Farrington | on behalf of Creditor CrossCountry Mortgage LLC mfarrington@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Rachel Marie Weller

CHAPTER 13
CASE NO. 5:23-bk-02821

☑ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania.  ☑ Included  ☐ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor.  ☐ Included  ☑ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G.  ☐ Included  ☑ Not Included

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$34,375.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 04/24 | 10/28 | 625.00 | 0.00 | 625.00 | 34,375.00 |
| 11/28 | 03/29 | 0.00 | 0.00 | 0.00 | 0.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $34,375.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    B.   <u>Additional Plan Funding From Liquidation of Assets/Other</u>

1. The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $\_\_ from the sale of property known and designated as \_\_. All sales shall be completed by \_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS.**

    A.   <u>Pre-Confirmation Distributions.</u> *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    B.   <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.</u> *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Dovenmuehle Mortgage, Inc. | 101 Joseph Street Tower City, PA 17980 Schuylkill County<br>Value per Debtor | 3189 |

    C.   <u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

Rev. 12/01/19

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Dovenmuehle Mortgage, Inc. | 101 Joseph Street Tower City, PA 17980 Schuylkill County Value per Debtor | $23,007.37 | $0.00 | $23,007.37 |

    **D.**     <u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>

        ☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

    **E.**     <u>Secured claims for which a § 506 valuation is applicable.</u> *Check one.*

        ☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    **F.**     <u>Surrender of Collateral.</u> *Check one.*

        ☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.**     <u>Lien Avoidance.</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

        ☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**     **PRIORITY CLAIMS.**

    **A.**     <u>Administrative Claims</u>

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees.</u> Complete only one of the following options:

            a.     In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b.     $<u>see 9 below</u> per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
            *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B.**     <u>Priority Claims (including, certain Domestic Support Obligations)</u>

    Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Pennsylvania Department of Revenue | $47.87 |

    **C.**     <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).</u> *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.**     **UNSECURED CLAIMS**

3

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5.   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6.   **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☐ plan confirmation.
    ☐ entry of discharge.
    ☑ closing of case.

7.   **DISCHARGE: (Check one)**

    ☑ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8.   **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
• Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
, Level 4:   Priority claims, pro rata.
• Level 5:   Secured claims, pro rata.
• Level 6:   Specially classified unsecured claims.
Level 7:   Timely filed general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

9.   **NONSTANDARD PLAN PROVISIONS**

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

**ADDENDUM TO CHAPTER 13 PLAN**

1A. If one of the Debtors is not employed at the time of the filing of the Plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the Plan will be made at that time.

2(C). Said amounts are estimated. Debtor will pay the amount as stated in the Proof of Claim unless an objection is filed to the claim, in which case debtor will pay the amount determined by the Court or as agreed to by the parties. Debtor waives the right to object to these claims after the Plan is confirmed.

3B. PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

2D and 3B. Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims. See 11 U.S.C. § 1322(b)(6) and § 1305 (a) and (b).

3A(2). Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour through December 31, 2023. Effective January 1, 2024, Debtor's counsel will bill attorney's time at $345.00 per hour, associate time at $285.00 per hour and paralegal time at $175.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.

Dated: _____

Gary J. Imblum
Attorney for Debtor

Rachel Marie Weller
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.